**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BRUNO RUBIO

    Plaintiff,

v.

CASE NO. _____

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL

American Security Insurance Company ("Defendant") hereby removes to this Court the state court action *Bruno Rubio v. American Security Insurance Company*, Case No. 2021-CA-006785-O, filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. In support of this Notice of Removal ("Notice"), Defendant states as follows:

## BACKGROUND

1. On June 30, 2021, Plaintiff commenced this civil action by filing a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

2. On the Civil Cover Sheet filed in state court, Plaintiff indicated that the estimated amount of the claim is between $30,001 and $50,000.

3. On September 15, 2022, Defendant filed its Answer and Affirmative Defenses.

4. On December 12, 2022, the state court issued a Uniform Order Setting Case for Jury Trial during the two-week period beginning on April 24, 2023.

5. Absent any indication during the pendency of the state court action, including through Plaintiff's discovery responses, that the damages would exceed $50,000, Plaintiff

1

forwarded a proposed Joint Pre-Trial Statement on March 22, 2023, where for the first time Plaintiff disclosed that the estimated damages are $150,000.

6.      In the Complaint, Plaintiff alleged that he is a resident of Orange County and owns property located at Longmeade Ln, Orlando, Florida 32822.

7.      Defendant, on the other hand, is a Delaware company with its principal place of business in Atlanta, Georgia. Attached hereto as **Exhibit 1** is a copy of the public record available on the State of Florida, Division of Corporations website sunbiz.org.

8.      Plaintiff's lawsuit involves a one-count complaint for breach of contract premised on an alleged breach of an insurance policy issued by Defendant.

9.      Defendant invokes this Court's jurisdiction because complete diversity exists among the parties to this proceeding and the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

10.     American Security Insurance Company is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

11.     In accordance with 28 U.S.C. § 1446(b)(3), the Notice of Removal is being filed within 30 days from Defendant's receipt of the proposed Joint Pre-Trial Statement provided on March 22, 2023, which disclosed, for the first time, the increased amount in controversy on Plaintiff's breach of contract claim.

12.     In compliance with 28 U.S.C. § 1446(a) and Local Rule 1.06, Defendant will concurrently file the required record and papers.

## DIVERSITY JURISDICTION EXISTS IN THIS CASE

13. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. It may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Full Diversity Exists Among the Parties

14. To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . ." 28 U.S.C. § 1332(c)(1). Additionally, the citizenship of a limited liability company is determined by the citizenship of each member of the limited liability company. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C*, 374 F.3d 1020, 1022 (11th Cir. 2004).

15. Plaintiff is a citizen of Florida. Compl., ¶ 2.

16. Defendant is a citizen of Delaware and Georgia as it is a foreign corporation incorporated in Delaware with its principal place of business in Atlanta, Georgia. Consequently, Defendant is not a citizen of Florida.

17. Accordingly, full diversity exists among the parties to this proceeding.

### B. The Amount in Controversy Exceeds $75,000

18. Federal courts in this state and the Eleventh Circuit have held that when a complaint does not claim a specific amount of damages in excess of $75,000, courts may

examine "evidence relevant to determine the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1219-20 (11th Cir. 2001). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). In that regard, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' *Id.* at 754. The defendant needs to simply demonstrate that the amount in controversy "more likely than not exceeds the…jurisdictional requirements." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

19. Here, Plaintiff's proposed Joint Pre-Trial Statement estimated – for the first time – Plaintiff's damages to be in the amount of $150,000.

20. Accordingly, the amount in controversy for purposes of this removal analysis (and as claimed by Plaintiff) exceeds $75,000.00.

## ADDITIONAL PROCEDURAL REQUIREMENTS

21. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

22. The United States District Court for the Middle District of Florida is the federal court with the same venue as where this action was pending in Orange County Circuit Court.

23. Contemporaneously with the filing of this Notice, Defendant will give notice to and file a copy of same with the Clerk of Court of the Ninth Judicial Circuit in and for Orange County, Florida through a notice of filing.

24. This Notice will be served upon Plaintiff in connection with its filing.

WHEREFORE, Defendant, American Security Insurance Company, hereby gives notice that the matter styled *Bruno Rubio v. American Security Insurance Company*, Case No. 2021-CA-006785-O, filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, is properly removed from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law.

Dated: March 29, 2023

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile: (954) 333-3930

*/s/ Desislava K. Docheva*
Desislava K. Docheva (Lead Counsel)
Florida Bar No. 1010440
*ddocheva@bakerdonelson.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Desislava K. Docheva*
Desislava K. Docheva

3/29/23, 12:25 PM                                     Detail by Entity Name

Division of Corporations

Exhibit 1



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Foreign Profit Corporation
AMERICAN SECURITY INSURANCE COMPANY

**Filing Information**

| | |
|---|---|
| Document Number | 858338 |
| FEI/EIN Number | 58-1529575 |
| Date Filed | 11/03/1983 |
| State | DE |
| Status | ACTIVE |
| Last Event | NAME CHANGE AMENDMENT |
| Event Date Filed | 04/11/1984 |
| Event Effective Date | NONE |

**Principal Address**

260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

3/29/23, 12:25 PM                                                                                    Detail by Entity Name

Changed: 08/31/2005

**Mailing Address**

260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Changed: 04/25/2016

**Registered Agent Name & Address**

CHIEF FINANCIAL OFFICER
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Name Changed: 03/17/2003

Address Changed: 02/26/2014

**Officer/Director Detail**

**Name & Address**

Title Secretary

ARAGON-CRUZ, JEANNIE AMY
11222 QUAIL ROOST DRIVE
MIAMI, FL 33157

Title Director

3/29/23, 12:25 PM                                                                Detail by Entity Name

HALE, GARRETT HOYT
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Title Treasurer

TURNER, BEECH
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Title Director

HARRINGTON, ROBBIE
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Title Director

SALVATO, JUDI
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Title Director

BIONDO, REBAKAH SUSAN
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

Title Director

3/29/23, 12:25 PM                                                                  Detail by Entity Name

MCDONALD, KATHARINE A
11222 QUAIL ROOST DRIVE
MIAMI, FL 33157

Title Director, President

CAMPBELL, MICHAEL
2677 N. MAIN STREET
SUITE 600
SANTA ANA, CA 92705

Title Director

MADIGAN, DAVID
260 INTERSTATE NORTH CIR., SE
ATLANTA, GA 30339-2210

### Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2020 | 04/15/2020 |
| 2021 | 09/07/2021 |
| 2022 | 04/28/2022 |

### Document Images

| | |
| --- | --- |
| 04/28/2022 -- ANNUAL REPORT | View image in PDF format |
| 09/07/2021 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2020 -- ANNUAL REPORT | View image in PDF format |

3/29/23, 12:25 PM                                                                                                    Detail by Entity Name

| | |
|---|---|
| 04/29/2019 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2018 -- ANNUAL REPORT | View image in PDF format |
| 08/03/2017 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/02/2015 -- ANNUAL REPORT | View image in PDF format |
| 02/26/2014 -- ANNUAL REPORT | View image in PDF format |
| 03/08/2013 -- ANNUAL REPORT | View image in PDF format |
| 02/27/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/02/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/11/2008 -- ANNUAL REPORT | View image in PDF format |
| 03/01/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2006 -- ANNUAL REPORT | View image in PDF format |
| 03/25/2005 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2004 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2003 -- ANNUAL REPORT | View image in PDF format |
| 02/12/2002 -- ANNUAL REPORT | View image in PDF format |
| 09/19/2001 -- ANNUAL REPORT | View image in PDF format |
| 05/10/2000 -- ANNUAL REPORT | View image in PDF format |
| 05/13/1999 -- ANNUAL REPORT | View image in PDF format |
| 02/24/1998 -- ANNUAL REPORT | View image in PDF format |
| 03/17/1997 -- ANNUAL REPORT | View image in PDF format |
| 02/20/1996 -- ANNUAL REPORT | View image in PDF format |
| 02/22/1995 -- ANNUAL REPORT | View image in PDF format |

3/29/23, 12:25 PM

Detail by Entity Name

Florida Department of State, Division of Corporations